UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF NEW YORK

_____

ANTHONY BRODZKI,

                    Plaintiff,

  vs.                                          5:11-CV-1117 (GTS/ATB)

DISTRICT ATTORNEY JOE
SHANNON JR., *et al*,

                    Defendants.

_____

ANTHONY BRODZKI,

                      Plaintiff,

  vs.                                          5:11-CV-1118 (MAD/ATB)

WALWORTH DISTRICT
ATTORNEY, *et al*,

                    Defendants.

_____

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent the above complaints to me for my review. On September 20, 2011, *pro se* plaintiff, Anthony Brodzki, filed what appear to be civil rights actions, pursuant to 42 U.S.C. § 1983, together with applications to proceed *in forma pauperis*. (Dkt. Nos. 1, 2) (both actions).

**I.    Complaint in 11-CV-1117**

Plaintiff brings the first action against District Attorney Joe Shannon Jr. and Tarrant County.[1] (Compl. p. 1). Plaintiff alleges that defendant Shannon allows the

---

[1] It appears that Tarrant County is in Texas, where plaintiff resides.

police in Tarrant County "to use electronic equipment on me to torture me" and "continual[ly] electronic [sic] shock me, and lets them run me out of Tarrant [C]ounty because they are trying to tell me something, or because I am mentally ill." (Compl. p. 1). Plaintiff requests $50,000,000.00 in damages and an injunction ordering defendant Shannon to "stop all police electronic harassment." (Compl. p. 1).

## II. Complaint in 11-CV-1118

Plaintiff brings the second action against Walworth District Attorney and Clark County District Attorney. (Compl. p. 1). Plaintiff alleges that on a recent visit to Walworth County,[2] the district attorney allowed "his" police officers to "run [plaintiff] right out of Walworth County." (Comp. p. 2). Plaintiff alleges that the officials in Walworth County are "part of a larger group of law people who for the last 4 years have harassed me, tortured me, and violated my civil rights." (Compl. p. 2).

Plaintiff alleges that Dave Rogers, the "state[']s attorney Las Vegas," threw plaintiff out of his residence and allowed "the hook up and use of disorientation equipment," "kept [plaintiff] up all night," and "allowed heart recession equipment to be used as well." (Compl. p. 2). Plaintiff alleges that these actions "precluded" a move to New York. Plaintiff requests $5,000,000.00 in damages and an injunction to "stop all mind body harassment" against Walworth County, and $75,000,000.00 in damages and an injunction "ordering [the Clark County District Attorney] to stop all harassment, including mind and body, privacy and all other activities in relation to

---

[2] It appears plaintiff's allegations relate to Walworth County, Wisconsin, as Phillip A. Koss is the District Attorney there, and plaintiff mentions Mr. Koss in the complaint, even though he is not a named defendant.

hurting [plaintiff] and violating [plaintiff's] civil rights." For the reasons stated below, this court recommends that each of plaintiff's complaints be dismissed in its entirety.

### III.  *In Forma Pauperis* ("IFP") Review

Plaintiff has filed an application to proceed IFP in each of the above-captioned cases. (Dkt. No. 2) (both actions). Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees. The individual seeking permission to proceed IFP must file an affidavit which includes a statement of all assets, showing that the individual is unable to pay the fees or give security therefor. *Id.* The same section, however, states that this determination is "subject to subsection (b)." *Id.* Subsection (b) provides that notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). To avoid dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). In determining whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. A review of plaintiff's IFP applications reveals that plaintiff meets the financial requirements to proceed IFP. The Court will now turn to a consideration of the plaintiff's complaints under the above standards.

## IV.  Venue

Venue in federal-question cases is determined by 28 U.S.C. § 1391(b), which provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, plaintiff is a citizen of Texas, and defendants are citizens of Texas, Wisconsin, or Nevada. Even assuming that plaintiff could sue the district attorneys and counties he names in these cases, it is clear that *neither of these cases have any connection to this district*, and none of the parties resides in the Northern District of New York. Thus, regardless of the merits of either action, venue is improper in the Northern District of New York.

Under 28 U.S.C. § 1406, a district court faced with a case brought "laying

venue in the wrong division or district, shall dismiss" or, in the interests of justice, shall transfer the case to the district in which it could have been brought. 28 U.S.C. § 1406(a). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in *extraordinary circumstances*." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added).

In *Stich*, the plaintiff brought his action in the Southern District of New York, including among other defendants, the Justices of the Supreme Court; a former United States Attorney General; and bankruptcy judges in the Ninth Circuit, where he had been classified as a vexatious litigant and had been barred from bringing suits without leave of court. *Id.* at 88. The Second Circuit in *Stich* quoted the District Court's finding that "neither the activities nor the parties alleged in this complaint have any relation to this district" because the plaintiff was domiciled in Nevada and resided in California, while all the defendants were residents of the District of Columbia. *Id.* at 89. Based on these facts, the Second Circuit determined that the "case presented appropriate circumstances for the court's exercise of its power to dismiss," *sua sponte*, based on improper venue." *Id.*

These cases present precisely those extraordinary circumstances cited by the court in *Stich* that are required to justify *sua sponte* dismissal. *See Stich v. Rehnquist*, 982 F.2d at 89. Aside from the obvious lack of venue, plaintiff's factual allegations involving torture and mind control by the assorted District Attorneys in various states are completely fanciful, and appear to border on the delusional. In addition, plaintiff is the epitome of the abusive litigant. According to the National Case Party Index

5

database, beginning 2009 to date, plaintiff has filed over one hundred civil actions, fourteen appeals, and one bankruptcy. Other courts have cited plaintiff's vexatious litigation, and he has been sanctioned or barred from filing in more than one federal district court. *See, e.g., Brodzki v. Weiss*, No. CV-11-32, 2011 U.S. Dist. LEXIS 18691, 2011 WL 772393 at *2 (D. Mont. Feb. 25, 2011) ("Brodzki's allegations are fantastic, delusional, irrational, and frivolous."); *Brodzki v. Regional Justice Center*, No. 2:10-CV-1091, 2010 U.S. Dist. LEXIS 141865 at *2 (D. Nev. July 22, 2010) ("Plaintiff's allegations are wholly within the realm of fantasy."[3] ); *In re Brodzki*, No. 10 C 4591, 2010 U.S. Dist. LEXIS 141705 (N.D. Ill. July 23, 2010) (enjoining Brodzki from filing any new civil action without first obtaining leave from the court); *Brodzki v. North Richland Hills Police Dep't*, No. 3:10-CV-539, 2010 U.S. Dist. LEXIS 40068, 2010 WL 1685799 (N.D. Tex. March 31, 2010) (sanctioning plaintiff for abusing the litigation process). He has filed these cases all over the country and is now attempting to continue his abusive behavior in this district.[4] Accordingly, rather than ordering a transfer of these actions, the court will recommend dismissal of both of the above-captioned complaints.

---

[3] The Nevada case appears to have similar allegations to this case: "Plaintiff alleges that the Defendant is responsible for a 'torture machine' which has 'electronically tortured' him using a 'neurophonic base' noise transmission. Plaintiff also alleges that this machine is part of a network that spans from Las Vegas to Chicago." *Brodzki v. Regional Justice Center*, No. 2:10-CV-1091, 2010 U.S. Dist. LEXIS 141865 at *2 (D. Nev. July 22, 2010).

[4] The court notes that plaintiff previously filed another case in the Northern District of New York, naming the State of New York as a defendant, that was dismissed. *Brodzki v. The State of New York*, No. 11-CV-336 (TJM-RFT) (Order closing case dated May 11, 2011, Dkt. No. 9) (case closed after plaintiff filed a second amended complaint that was dismissed for failure to cure the pleading deficiencies contained in plaintiff's original complaint).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motions to proceed IFP (Dkt. No. 2) (both actions) are **GRANTED ONLY FOR PURPOSES OF FILING THESE COMPLAINTS**, and it is further

**RECOMMENDED**, that the complaints be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); and it is further

**ORDERED**, that the Clerk file a copy of this Order and Report-Recommendation in both 5:11-CV-1117 and 5:11-CV-1118.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: September 23, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge