UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY BRODZKI,
                          Plaintiff,
                                                    5:11-CV-1117
v.                                                      (GTS/ATB)

JOE SHANNON, JR., District Attorney of Tarrant
County, Texas; and TARRANT COUNTY,
                          Defendants.
_____

ANTHONY BRODZKI,
                          Plaintiff,
                                                    5:11-CV-1118
v.                                                       (GTS/ATB)

PHIL KOSS, District Attorney of Walworth County,
Wisconsin; and DAVE ROGERS, District Attorney
of Clark County, Nevada,
                          Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

ANTHONY BRODZKI
  Plaintiff, *Pro Se*
6900 Herman Jared Drive
North Richland Hills, Texas 76182

HON. GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

      Currently before the Court, in the two above-captioned civil rights actions filed by

Anthony Brodzki ("Plaintiff") on September 20, 2011, pursuant to 42 U.S.C. § 1983,[1] is United

States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that both

---

      [1]      Both actions were originally docketed by the Court Clerk's office as personal injury actions under U.S.C. § 360 because of Plaintiff's Civil Cover Sheet. (Dkt. No. 1.) However, Magistrate Judge Baxter's review of Plaintiff's claims in both actions correctly concluded that the claims in both actions are civil rights claims pursuant to 42 U.S.C. § 1983.

actions be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). (11-CV-1117, Dkt. No. 3; 11-CV-1118, Dkt. No. 3.)  On October 7, 2011, Plaintiff filed Objections to Magistrate Judge Baxter's Report-Recommendation in both actions.  (11-CV-1117, Dkt. No. 4; 11-CV-1118, Dkt. No. 4.)

Based upon a *de novo* review of the filed papers in both actions, including those portions of the Report-Recommendation to which Plaintiff has objected, and the recommendations of Magistrate Judge Baxter, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  (11-CV-1117, Dkt. No. 3; 11-CV-1118, Dkt. No. 3.)  The Court notes that among the reasons for Magistrate Judge Baxter's recommendation are (1) lack of venue, (2) the frivolousness of Plaintiff's claims (which arise from the alleged use of electronic "disorientation equipment" to shock him, "ke[eep] [him] up all night," and "harass[] [his] . . . mind and body"), and (3) the vexatiousness of his litigation practices due to the more than 100 unmeritted cases he has filed in federal district courts nationwide.  (*Id.*)

<u>Plaintiff is cautioned that, should he continue to abuse the litigation process in this District, he will be directed to show cause as to why the Court should not issue an Order barring him from filing any future *pro se* actions in this Court without first obtaining leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to manage its docket so as to prevent abuse in its proceedings</u>.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation in the two above-captioned actions is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that both of the two above-captioned actions are *sua sponte* **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Clerk's Office is directed to close both actions.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: January 27, 2012
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge